**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whitehorse Medical Transportation LLC, | No. CV-25-02984-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Group, et al., | |
| Defendants. | |

Plaintiff filed this suit in federal court alleging the existence of diversity jurisdiction. The court called for a supplement regarding each party's citizenship and according to the supplement, both plaintiff and defendant The Arizona Group are citizens of Arizona. (Doc. 12.) Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996)). Instead of "complete diversity," the complaint appears to believe it is sufficient for there to be "minimal diversity" between the parties. "Minimal diversity" refers to the plaintiff being a citizen of a state different from any defendant. *See, e.g., Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). But minimal diversity is not enough in this case. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("complete diversity" is required in most civil actions but "minimal diversity" is sufficient in certain class actions).

/

1     Accordingly,

2     **IT IS ORDERED** the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk of Court shall close this case.

4     Dated this 27th day of August, 2025.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**